# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6239 | **DATE** | 5/4/2004 |
| **CASE TITLE** | DAVID DODGE, etc. vs. JO ANN B. BARNHART | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. The matter is remanded to the ALJ for further proceedings.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 5 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID DODGE, etc., )
)
       Plaintiff, )
)
vs. ) No. 03 C 6239
)
JO ANN B. BARNHART, Commissioner, )
Social Security Administration, )
)
       Defendant. )



## MEMORANDUM OPINION AND ORDER

Plaintiff David Dodge brought this action against the Commissioner of the Social Security Administration (SSA) seeking judicial review of the decision by an administrative law judge (ALJ) denying disability benefits. Both sides now seek summary judgment. For the following reasons, plaintiff's motion is granted and defendant's motion is denied.

## BACKGROUND

On July 6, 1998, plaintiff's leg went completely numb as he was performing work for a garbage collection company. He tried to return to work but the injury forced him to quit his job and seek treatment. Since that time plaintiff has been diagnosed with numerous back ailments and has undergone multiple surgeries and treatments. He has attempted physical therapy in order to return to work, but has had no success. On June 6, 2000, plaintiff applied for disability benefits from the SSA, but was denied. He obtained a hearing on the merits of his claim, but the ALJ issued an opinion denying the claims and that opinion was affirmed by the SSA's appeals council. Plaintiff seeks review of this final decision pursuant to 42 U.S.C. § 405.

At the ALJ hearing, plaintiff testified that his back problems cause frequent, serious pain. Specifically, he said that he has trouble sitting for long periods and cannot stand for more than ten minutes. He stated that this lack of mobility has greatly limited the number and types of occupations available to him. The ALJ also received reports from plaintiff's treating physicians and from Dr. James Graham and Dr. Sandra Bilinski, both of whom reviewed plaintiff's medical file for the SSA.

The ALJ asked vocational expert Jennie Chin the following hypothetical question:

> Assume a hypothetical claimant age 37, high school diploma, let's look at light and sedentary work, with occasional stooping, kneeling, crouching, crawling, restricted to 15 to 45 minutes of sitting. ... 10 to 15 minutes of standing and 10 to 15 minutes of limited lifting, avoid concentrated exposure to unprotected heights. Forget past work. What exists with that hypothetical claimant?

Chin testified that there were numerous jobs available for this hypothetical person, without additional training.

Based on the evidence presented at the hearing, the ALJ determined that plaintiff did not meet the criteria for disability benefits under Titles II and XVI of the Social Security Act.

## DISCUSSION

In reviewing a factual determination of the SSA Commissioner, we look for substantial evidence supporting the finding. 42 U.S.C. § 405(g). This means more than a mere scintilla of proof – enough evidence to reasonably support the conclusion. Diaz v. Chater, 55 F.3d 300, 305 (7th Cir. 1995). In reviewing issues of law, we overturn any decision in which the Commissioner makes a legal error. Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir. 2002).

In order to determine whether or not a claimant is disabled, the SSA uses a five-step process set forth by 20 CFR § 404.1520 *et seq.* A person is disabled if (1) the applicant has not

recently performed substantial gainful activity; (2) the applicant suffers from a severe impairment; and (3) the applicant's impairment meets or exceeds the conditions listed in 20 CFR § 404, Appendix 1, Subpt. P. If the applicant fails to prove the third step, he may be found disabled if (4) the applicant cannot perform his past work; and (5) the applicant cannot do other work that amounts to substantial gainful activity. 20 CFR §§ 404.1520(b)-(f).

The ALJ determined that plaintiff had not recently performed gainful activity and that he suffered from a serious impairment, but that his impairment did not meet the conditions of Subpart P. The ALJ went on to find that, although the plaintiff could not perform his past work, he was able to perform a significant range of gainful sedentary work. The plaintiff now claims that (1) the ALJ committed legal error in failing to include pain in the hypothetical question; (2) he committed legal error in failing to discuss his reasoning for finding that the impairment did not meet the conditions of subpart P; and (3) the credibility findings were not supported by substantial evidence.

We turn first to plaintiff's second contention, that the ALJ failed to adequately explain why plaintiff's impairment did not meet the conditions of subpart P. The ALJ must link all conclusions to evidence in the record. Groves v. Apfel, 148 F.3d 809, 811 (7th Cir. 1998). In Groves, the ALJ relied on testimony provided by the SSA's expert, even though that doctor had not actually examined the applicant. *Id.* The court determined that the ALJ's decision must be reversed because he failed to articulate his reasoning for accepting this testimony over that of the applicant's treating physicians. *Id.*

Plaintiff claims that his case is similar to Groves in that the ALJ ultimately relied on the SSA's doctors rather than those who actually examined the plaintiff, when the ALJ determined that the impairment did not qualify under subpart P. In this case, however, the

ALJ never actually chose between two sets of physicians. Plaintiff now points to facts scattered throughout the record indicating that he suffered from a qualifying ailment, but these facts refer to various time periods and points in plaintiff's recovery. There is nothing in the record to indicate that plaintiff presented any evidence establishing that he met the required elements of subpart P for a 12-month period, as is required by the Social Security Act, 42 U.S.C. § 423(d)(1)(A). *See* Anderson v. Sullivan, 925 F.2d 220, 223 (7th Cir. 1991).

We find that the ALJ committed no legal error in finding that plaintiff did not meet the criteria of subpart P. He determined that the SSA doctors presented evidence that plaintiff did not suffer from such an impairment and that plaintiff failed to present any evidence in favor of such a finding.

Plaintiff's first and third contentions must be taken together. A hypothetical question presented by the ALJ to a vocational expert must fully set forth the claimant's impediments to work that are supported by evidence. Herron v. Shalala, 19 F.3d 329, 337 (7th Cir. 1994); Brown v. Chater, 913 F. Supp. 1210, 1216 (N.D. Ill. 1996) (holding that the failure of the ALJ to include pain in a hypothetical is grounds for remand). Plaintiff claims that the ALJ's hypothetical question was erroneous as a matter of law because it did not refer to plaintiff's pain. In resolving this question, we must turn to the evidentiary record and determine whether the ALJ had substantial evidence to formulate such a hypothetical.

An ALJ's findings of credibility should not be disturbed unless they lack support in the record. Diaz, 55 F.3d at 307. The ALJ determined that while the plaintiff was, overall, credible as a witness, his subjective complaints were less than fully credible. In reaching this decision, the ALJ considered plaintiff's medical records, his daily activities, and the testimony of treating physicians. This included remarks by Dr. Mikhail Drizin indicating that plaintiff's pain complaints were not always consistent with the reports from his physical therapists.

While he did not specifically mention the report of plaintiff's physical therapist in his decision, the record indicates that the ALJ considered all evidence relevant to plaintiff's condition. He determined that this objective evidence did not provide sufficient support for plaintiff's testimony about his pain. Because this decision is supported by the record, we are not in a position to second-guess this credibility determination.

The ALJ did not connect this determination to the hypothetical question posed to the vocational expert. He stated only that plaintiff's complaints of severe pain were "not totally credible" in light of the available objective evidence. It is certainly possible, even in light of that finding, that plaintiff suffered from back pain that would limit his employment possibilities. Still, there was no mention of any pain in the hypothetical question.

The ALJ may have concluded that plaintiff's complaints were largely baseless and he was not materially limited by the pain. If he so concluded, that finding would have been subject to attack here. Alternatively, he may have believed that plaintiff suffered from some back pain, but that there was no reason to mention the pain in the hypothetical question in light of the physical restrictions that were already listed. But there are no findings respecting pain in the opinion – nothing about its intensity, frequency or duration. Instead, the ALJ did not connect his credibility findings to the conclusions in the hypothetical, and that he needed to do.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. The matter is remanded to the ALJ for further proceedings.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 4, 2004.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

DAVID DODGE             **JUDGMENT IN A CIVIL CASE**

v.                               Case Number: 03 C 6239

JO ANN B. BARNHART

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. The matter is remanded to the ALJ for further proceedings.


Michael W. Dobbins, Clerk of Court

Date: 5/4/2004                       /s/ Linda Garth

Linda Garth, Deputy Clerk